Nos. 95-3363WM, 95-3435WM

_____

No. 95-3363WM
_____

United States of America,

      Appellee,

   v.

Madani Fahsi,

      Appellant.

_____

No. 95-3435WM
_____

United States of America,

      Appellee,

   v.

Missoum Ouared,

      Appellant.

On Appeal from the United
States District Court
for the Western District
of Missouri.

_____

Submitted:  November 19, 1996

Filed:  December 13, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and
    LONGSTAFF,[*] District Judge.
_____

RICHARD S. ARNOLD, Chief Judge.

Madani Fahsi and Missoum Ouared pleaded guilty to aiding and abetting the trafficking of counterfeit goods in violation of 18 U.S.C. §§ 2 & 2320.  The District Court[1] sentenced both defendants to 24 months' probation and assessed a $500 fine against Ouared. The defendants conditioned their pleas of guilt on the appeal of the District Court's denial of their motion to suppress the principal evidence against them.  We affirm the denial of the motion and, therefore, the convictions.

I.

The manager of a photocopying business in Independence, Missouri, told the Food and Drug Administration (FDA) that he had recently delivered two orders for several thousand photocopies of infant-formula labels, which included discount coupons, to a person whom he later identified as Motasem Kassim.  An FDA agent visited the store after learning that Kassim had placed another large order.  The manager told the agent that he had just told Kassim that his order was not yet ready, and that Kassim said he was disappointed because people from Colorado were coming that day to pick up the labels.

Kassim returned to the store three days later.  The agent observed Kassim receive a brown cardboard box, wrapped with

_____

[*]The Hon. Ronald E. Longstaff, United States District Judge for the Southern District of Iowa, sitting by designation.

[1]The Hon. Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.  The motion to suppress was denied on the recommendation of Chief United States Magistrate Judge John Maughmer.

plastic, containing 2400 photocopied infant-formula labels. Two other agents followed Kassim in his car to a residence, where he met and conversed with Madani Fahsi. Kassim then passed "unidentified objects" to Fahsi, who placed them in a nearby van, which had Colorado license plates. Kassim then went into the residence empty-handed. When Fahsi's van began to drive off, the agents stopped it and arrested the occupants, Fahsi and Missoum Ouared.

The agents obtained Kassim's consent to search his vehicle. The search revealed an empty cardboard box like the one in which the labels had been packaged, but no labels wrapped in plastic. (A subsequent search of the residence likewise revealed no labels.) The agents presented this information to a magistrate to obtain a search warrant for Fahsi's van. After the magistrate granted the warrant, the agents searched the van and found the photocopied labels.

The defendants moved to suppress the labels as evidence, contending that they were the fruit of arrests that the agents had made without probable cause. The District Court denied the suppression motion, the defendants entered their conditional pleas of guilty, were sentenced, and took this appeal.

II.

Probable cause to arrest exists when a prudent person would believe that a crime had been, or was soon to be, committed, e.g., United States v. Brown, 49 F.3d 1346, 1349 (8th Cir. 1995), a determination we make de novo. The facts available to the agents prior to their arrest of Fahsi and Ouared are not in dispute. FDA agents followed Kassim directly from the copy shop to the transfer point. There, he met people in a van from Colorado, an event consistent with what he had told the copy-shop manager. He then passed objects to one of these people, who placed them in the van.

-3-

Information from Kassim concerning his plan, along with his actions consistent with that plan, supplies probable cause for the agents' arrest of Fahsi and Ouared.  Probable cause is a practical concept. It requires officers to make reasonable inferences from facts known to them.  We think the officers did so here.  The probable cause to arrest provides equally forceful justification to search the vehicle into which the objects had been placed.  Id. at 1350. Moreover, the search was conducted pursuant to a warrant, which was supported with the additional fact that the labels were no longer in Kassim's car (the only other place they could have been). Therefore, the labels were validly seized.

The convictions are affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.